UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES R. KNOWLES,
Plaintiff,

v.

SUNNYVALE POLICE DEPT., et al.,
Defendants.

Case No. 18-02395 EJD (PR)

**ORDER OF DISMISSAL**

Plaintiff, a state prisoner, filed the instant action seeking to file a "federal criminal complaint." (Docket No. 1.) Plaintiff's motion for leave to proceed in forma pauperis will be addressed in a separate order.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune

from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

### B. Plaintiff's Claims

Plaintiff filed a document entitled "federal criminal complaint" alleging wrongful acts in connection with his underlying state conviction. (Docket No. 1.) Plaintiff also filed two "request(s) to file criminal complaint." (Docket Nos. 3 and 4.) Plaintiff cannot pursue such an action in this court because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R. S. v. Richard D., 410 U.S. 614, 619 (1973). Courts therefore generally have declined to recognize standing to bring a § 1983 action based upon the lack of prosecution of others. See Doyle v. Oklahoma Bar Ass'n, 998 F.2d 1559, 1566-67 (10th Cir. 1993) (private citizen has no standing to have lawyer disciplined or criminally charged). Accordingly, Plaintiff's request to file a criminal complaint is DENIED. This action must be dismissed for failure to state a claim for relief.

## CONCLUSION

For the reasons state above, this action is **DISMISSED** for failure to state a claim for relief.

**IT IS SO ORDERED.**

Dated: 10/3/2018

EDWARD J. DAVILA
United States District Judge

Order of Dismissal
PRO-SE\EJD\CR.18\02395Knowles_dism(ftsac)

2